# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CHARLES, :
    Plaintiff :
  : No. 1:17-cv-02250
    v. :
  : (Judge Rambo)
UNITED STATES DEPARTMENT :
OF JUSTICE, FEDERAL :
BUREAU OF PRISONS, :
    Defendant :

## MEMORANDUM

**I.    BACKGROUND**

On May 2, 2017, Plaintiff Michael Charles ("Charles"), filed a Freedom of Information Act ("FOIA") complaint against the Bureau of Prisons ("BOP") in the Middle District of Tennessee. (Doc. No. 1.) The case was subsequently transferred to the Middle District of Pennsylvania on December 7, 2018. (Doc. No. 7.) On February 2, 2018, Defendant filed an answer to the complaint. (Doc. No. 11). On March 14, 2018, the Court issued its Standing Practice Order to Plaintiff, advising him that he is responsible for notifying the Court of any change in address through the course of this litigation. (Doc. No. 13.) Plaintiff was further cautioned that his failure to do so would result in the dismissal of his action for failure to prosecute if the Court and/or parties are unable to serve pleadings, orders, or otherwise communicate with him. (Id.)

On August 31, 2018, Defendant filed a motion to dismiss or in the alternative, for summary judgment. (Doc. No. 14.) Defendant subsequently filed a statement of facts (Doc. No. 15), and brief in support (Doc. No. 16). On September 14, 2018, Defendant filed a notice with the Court that Charles was released from BOP custody on July 3, 2018, and that Defendant's dispositive motion materials were returned to them as undeliverable. (Doc. No. 17.) Defendant also provides that it does not have a current address for Charles. (Id.) To date, Charles has failed to file an oppositional brief or update his address. For the reasons set forth below, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

Under the Local Rules of this Court, Charles is deemed to concur in Defendant's motion since he has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the Rules of this Court, warrants dismissal of the action, since Local Rule 7.6 imposes an affirmative duty on the plaintiff to respond to motions, providing that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. **Any party who fails to comply with this rule**

> **shall be deemed not to oppose such motion.** Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

Additionally, Local Rule 83.18 places an affirmative obligation on a litigant to provide the Court with an address where he can be reached. Failure to provide a current address in violation of Rule 83.18 permits the Court to conclude that the litigant has abandoned the litigation, and in these circumstances, dismissal of the action for failure to abide by court orders or the rules of court is fully justified. See, e.g., Juaqueee v. Pike Cty. Corr. Facility Employees, No. 3:12-cv-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Hobson v. Harris, No. 1:17-cv-205, 2018 WL 3448500, at *2 (M.D. Pa. June 7, 2018).

Generally, a dispositive motion may not be granted merely because it is unopposed because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis). The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can

be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to both prosecute this action and to comply with the Court's March 14, 2018 Order by failing to keep the Court apprised of his current address and failing to file an oppositional brief. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Charles' sole responsibility to comply with Court orders.  See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims").  Charles was specifically warned that his failure to keep the Court apprised of his current address and failure to file an oppositional brief would result in the dismissal of this action.  (Doc. No. 13.)  To date, Charles has complied with neither directive.  This factor weighs in favor of dismissal.

As to the second factor, the prejudice to the adversary, Charles' failure to litigate this case or comply with Court orders now wholly frustrates and delays the resolution of this action.  In such instances, Defendant is plainly prejudiced by Charles' inaction and abandonment, and dismissal of the case clearly rests in the discretion of the trial judge.  Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal).

Examining the third factor, a history of dilatoriness, Charles has not only failed to file an oppositional brief, but has also failed to inform the Court of his current address.  As is clear from the procedural background of this case, Charles

has not communicated with the Court since filing a response to Defendant's answer to the complaint on February 22, 2018. (Doc. No. 12.) A pro se plaintiff has the affirmative obligation to keep the Court informed of his address. (See Doc. No. 13.) Charles' failure to provide the Court with an updated address as required by the March 14, 2018 Order (id.), coupled with his failure to file an oppositional brief, indicates an intent not to continue with this litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Charles' conduct was willful or in bad faith, also weighs in favor of dismissal. Charles' failure to abide by Court Orders "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a "viable alternative since this action cannot proceed without the submission of" Charles' oppositional brief. Pozoic, 2012 WL 114127, at *4 (citing Purveegiin v. Gonzalez, Civ. No. 07-1020, 2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009)) Additionally, confronted

by a pro se litigant who will not comply with the rules or court orders, the Court finds that lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

Regarding the sixth factor, the meritoriousness of the claim, the Court finds that consideration of this factor could not save Charles' claims, since he is now wholly non-compliant with his obligations as a litigant, i.e., he has failed to file an oppositional brief and has disregarded this Court's Order cautioning him of his obligation to keep the Court apprised of his current address and the consequences of his failure to do so. (Doc. No. 13.) Furthermore, it is well-settled that "' 'no single Poulis factor is dispositive,' . . . [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263. Nonetheless, the Court finds that it is unlikely that Charles would succeed on the merits of his claim.

Charles' complaint challenges the BOP's decision to withhold a DVD depicting the inside of the secured perimeter at FMC-Devens of "an incident that occurred on February 20, 2015." (Doc. No. 1.) While the DVD was located, it was withheld pursuant to FOIA exemptions. (Doc. No. 16.) Specifically, the BOP cites to Exemptions 7(C),[1] 7(E),[2] and 7(F)[3] of the FOIA as the basis for

---

[1] 5 U.S.C. § 552(b)(7)(C) protects "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal property."

7

withholding the DVD. (Id.) Regarding Exemption 7(C), Defendant claims that because the BOP is considered to be a criminal law enforcement entity for purpose of the FOIA, and that the BOP is attempting to protect the names, likeness and personal information of the BOP staff and other inmates that appear on the DVD, the withholding of this information was paramount in ensuring staff and inmate safety. (Id. at 17.)

Defendant claims that Exemption 7(E) protects electronic surveillance records, and specifically, prison security cameras, as the cameras promote the safety of staff and inmates. (Id. at 18.) The production of such information would allow the recipient to exploit possible blind spots of the camera's field of view and allow the circumvention of BOP rules, placing staff and other inmates at risk. (Id. at 19.) Regarding Exemption 7(F), Defendant provides that it is withholding the video to protect the identities of BOP staff and inmates that appear in the video. (Id. at 20.) Defendant suggests that revealing the identities of such individuals in the video to Charles could endanger the safety of those individuals by exposing them to threats, harassment, and physical harm. (Id. at 21.) The BOP further provides that it lacks the technology to segregate any non-exempt images from exempt images on the DVD. (Id.)

---

[2] 5 U.S.C. § 552(b)(7)(E) protects information which "would disclose techniques and procedures for law enforcement investigations . . . or disclose guidelines for law enforcement investigations . . . if such disclosure could reasonably be expected to risk circumvention of the law."

[3] 5 U.S.C. § 552(b)(7)(F) provides for the withholding of information that "could reasonably be expected to endanger the life or physical safety of any individual."

In FOIA cases, the agency bears the burden to justify any nondisclosures. See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989). An agency meets its burden when it submits a "reasonably detailed affidavit" that describes the method of searching and that the searched records were likely to contain the responsive documents. Roman v. Dep't of the Air Force, 952 F. Supp. 2d 166, 173 (D.D.C. 2013). When agency affidavits assert withholdings pursuant to a FOIA exemption, summary judgment is appropriate where the affidavits "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are controverted neither by contrary evidence in the record nor evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

The Court finds that the agency has met its burden by submitting reasonably detailed affidavits describing the methods of searching and that the searched records were likely to contain the responsive documents. (Doc. No. 16-1, Declaration of BOP Supervisory Attorney Eugene Baime; 16-2, Declaration of BOP Electronics Technician Timothy Cote.) Moreover, the agency affidavits asserting withholdings pursuant to the FOIA exemptions describe the documents and justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and has

9

not been controverted by contrary evidence in the record nor evidenced by agency bad faith.  See Casey, 656 F.2d at 738.  Additionally, the Court finds that the BOP does not have the ability to blur, black-out, or edit images on the requested DVD, and therefore, is unable to provide Charles with the DVD in a redacted format.  See Mingo v. U.S. Dep't of Justice, 793 F. Supp. 2d 447, 454 (D.D.C. 2011).

Consequently, upon balancing the Poulis factors, the six factors weigh heavily in favor of Defendant and dismissal of the action for failure to prosecute.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for Charles' failure to prosecute.  An appropriate Order follows.

   s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 19, 2018